IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD STERLING                                                                PLAINTIFF

v.                                    Case No. 05-2065

FRED'S STORES OF TENNESSEE                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

The Plaintiff instituted this action in state court, asserting that Defendant breached a verbal contract entered into by the parties and/or he should recover on a cause of action of promissory estoppel. Defendant removed the action to this Court based on diversity jurisdiction. (Doc. 1) Currently before the Court is Defendant's Amended Motion for Summary Judgment, Defendant's Memorandum Brief in Support of the Amended Motion for Summary Judgment, Statement of Facts in Support of Amended Motion for Summary Judgment, Plaintiff's Responses, and Defendant's Reply. (Docs. 21,22, 23, 25, 26, and 27.) For the reasons stated herein, Defendant's motion is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

Defendant is a discount retail chain with stores located throughout the United States. Plaintiff was an employee of Dollar General Stores, a similar retail chain, when he visited a Fred's store located in Van Buren, Arkansas in June of 2003. (Doc. 25, pg. 2). Plaintiff conversed with Ray Floyd, the store manager of the Van Buren store, who advised that he was only temporarily the store manager, and that Defendant was looking to fill the position on a permanent basis. (Doc. 25, pg. 2). Plaintiff completed an application for employment with Defendant.

The next day, the district manager Kevin Cascanet, met with Plaintiff at Fred's in Van Buren. (Doc. 25, pg. 2). Cascanet advised Plaintiff that if his background check was acceptable he would be offered the manager's job in Van Buren. (Doc. 25, pg. 2). Plaintiff was advised that he could be placed in the Springdale store for training, but that he would be back in the Van Buren location no later than October 1, 2003. (Doc. 25, pg. 2). Plaintiff understood that he would be making $700.00 a week in the Van Buren store and he accepted the job with Defendant. (Doc. 25, pg. 3).

Plaintiff began working in Springdale on July 14. (Complaint, ¶ 5). However, he received some training in the Van Buren store, primarily on the operation of the check-out registers. Plaintiff managed the Springdale store until mid-October, but within a month of Plaintiff's placement in the Springdale store, the Defendant contends it received complaints regarding Plaintiff. (Doc. 23, ¶ 7).

While the Defendant states Plaintiff was transferred to Van Buren, he officially was transferred directly from Springdale to a store in Greenwood, Arkansas. (Doc. 25, pg. 3). Plaintiff's Complaint and deposition state that he was transferred to and became the manager of the Van Buren store. (Complaint 9; Doc. 22- Ex. 1 p. 67, 93). It appears undisputed that Plaintiff was in the Van Buren store in a managerial capacity for at least one night, although he was never officially given the manager's position or any other position in Van Buren.

Defendant contends the transfer to the Van Buren store was to determine how Plaintiff would perform in this setting, given the prior complaints against Plaintiff. (Doc. 25, ex. 3, ¶ 6). Defendant further contends that on the night Plaintiff managed the store, the alarm was not properly set and the petty cash drawer was short of cash. (Doc. 22, pg. 4; Doc. 23, ¶ 10).

Because of these performance failures, and additional customer complaints in the Van Buren store, Defendant contends Plaintiff was told he would not become the Van Buren manager, but could be the manager in Greenwood. (Doc. 22, pg. 4) Plaintiff became the manager at Greenwood until he terminated his employment a few weeks later. (Doc. 25, pg. 3; Doc. 23, ¶ 12). Defendant contends Plaintiff quit without notice. (Doc. 23, ¶ 14).

Defendant moves for summary judgment, contending there was no breach of the alleged oral contract to place Plaintiff in the Van Buren store or to increase his wage to $700.00 a week. Defendant also seeks summary judgment on Plaintiff's promissory estoppel claim, contending the alleged promise was fulfilled and no injustice would occur by failing to enforce the promise. Defendant further seeks summary judgment on Plaintiff's claim of special damages and mental anguish, contending the Plaintiff can not prove that special damages are available, nor can Plaintiff prove the elements required to recover mental anguish damages.

Plaintiff responds he was never in a manager position, or in any other capacity, in the Van Buren store and such failure resulted in a breach of the contract. Plaintiff also argues that since he was not given a position in the Van Buren store, the promise was not fulfilled and the promissory estoppel claim is still viable. Plaintiff further responds that the damages he seeks are consequential damages, rather than special damages. Plaintiff makes no response to Defendant's Motion for Summary Judgment on mental anguish damages.

In reply, Defendant contends that Plaintiff was given a reasonable opportunity to become the manager of the Van Buren store – an opportunity he forfeited through his own job performance. Moreover, Defendant contends that Plaintiff was an at-will employee, and if doubts as to Plaintiff's ability to perform the job arose, there was no obligation for Defendant

to place Plaintiff as the store manager. Defendant also contends that any breach which may have occurred was waived by Plaintiff when he accepted the manager's position in Greenwood and accepted those benefits. As to the promissory estoppel claim, Defendant contends that it was the Plaintiff's own failures that caused any promise not to be fulfilled, and promissory estoppel is not a proper claim.

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party. The burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). While a party is entitled to summary judgment if "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law," summary judgment is inappropriate when the record permits reasonable minds to draw conflicting inferences about a material fact. *Donaho v. FMC Corp.*, 74 F.3d 894, 897-98 (8th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)); *see* Fed.R.Civ.P. 56 (c). Given the standard for reviewing motions for summary judgment, the Court will view the facts in the light most favorable to the plaintiff.[1]

---

[1] Plaintiff claims the affidavit of Barry Maxwell, Defendant's Regional Vice President, fails to meet the requirements of Federal Rule of Civil Procedure 56(e), and must be disregarded by the Court. Plaintiff contends that Maxwell had no personal knowledge of the facts of this case, as Maxwell was not present in the store or during many of the incidents surrounding Plaintiff's employment. However, the Court will consider Maxwell's affidavit because he was a supervisor and had personal knowlege of the events in that capacity. *See Acutt v. Six Flags Over Mid-America, Inc.,* 85 F.3d 1311, 1317 (8th Cir. 1996) (holding that affidavit was properly considered where corporate representative had personal knowledge of the reasons given for termination).

It is well established under Arkansas law that when an employment contract is silent as to its duration, either party may terminate the relationship at will and without cause. *Marine Servs. Unlimited, Inc. v. Rakes,* 918 S.W.2d 132 (1996); *City of Green Forest v. Morse,* 873 S.W.2d 155 (1994); *Wal-Mart Stores, Inc. v. Baysinger,* 812 S.W.2d 463 (1991); see also *Cottrell v. Cottrell*, 965 S.W.2d 129 (Ark. 1998). In *Griffin v. Erickson,* 642 S.W.2d 308 (1982), the Arkansas Supreme Court distinguished a "'contract at will' as one which may be terminated by either party, whereas a contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract." Although the Arkansas Supreme Court has recognized several exceptions to the at-will doctrine, none are applicable to the facts at hand. *See Sterling Drug, Inc. v. Oxford,* 743 S.W.2d 380 (1988); *Gladden v. Arkansas Children's Hosp.,* 728 S.W.2d 501 (1987).

It is undisputed in our case that the parties did not reach an agreement as to the duration of Plaintiff's employment. The only agreement Plaintiff alleges was one where he was to become the manager in Van Buren and be paid $700.00 a week. There was no duration for employment stated in the purported agreement. Plaintiff was an at-will-employee and could be terminated at any time, including the training period or while he was managing the Springdale store.

Moreover, Defendant allowed Plaintiff an opportunity to perform as manager of the Van Buren store. Although Plaintiff was never officially given the position or title of manager, it is undisputed that at least for a short period he managed the Van Buren store with questionable performance. Thus, it appears Defendant fulfilled its agreement with Plaintiff and

there would be no obligation for Defendant under the purported agreement to place Plaintiff, an employee-at-will, in the manager's position if Defendant believed he could not perform the job.

Finally, the Court notes that Plaintiff accepted the store manager's role at the Greenwood, Arkansas store. Assuming there was a valid contract between Plaintiff and Defendant, Plaintiff waived any breach which may have occurred when he was not made manager of the Van Buren store, when he accepted the manager's position in Greenwood. Arkansas law is clear that "one party to a contract who, with knowledge of a breach by the other party, continues to accept benefits under the contract, and suffers the other party to continue in performance thereof, waives the right to insist on the breach." *Southern Pipe Coating Inc. v. Spear & Wood Mfg. Co.*, 363 S.W.2d 912, 914 (1963); *see also Stephens v. West Pontiac-GMC, Inc.,* 647 S.W.2d 492, 493 (1983); *Jet Asphalt & Rock Co., Inc. v. Angelo Iafrate Const., LLC,* 431 F.3d 613, 618 (8th Cir. 2005). Summary judgment is granted on Plaintiff's breach of contract claim.

With reference to Plaintiff's promissory estoppel claim, the Arkansas Supreme Court has held that the "blackletter law on promissory estoppel" is found in the Restatement (Second) of Contracts, § 90 (1981). *Van Dyke v. Glover*, 934 S.W.2d 204 (1996). That section reads, in relevant part, as follows:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. *Id.*

However, the remedy granted for breach is to be limited as justice requires. *See* RESTATEMENT

(SECOND) OF CONTRACTS § 139 (1979); *Taylor v. Eagle Ridge Developers*, 29 S.W.3d 767, 769-70 (Ark. Ct. App. 2000). The Court takes into consideration that the doctrines of promissory estoppel and detrimental reliance are available only to prevent an injustice.

As reflected above, Defendant allowed Plaintiff the opportunity to become manager of its Van Buren store and fulfilled its alleged promise to Plaintiff. To the extent the promise was not fulfilled, the record reflects this was due to Plaintiff's own actions or inactions. Plaintiff was an at-will employee, and subject to termination even without cause. No injustice results if the promise to make Defendant manager of the Van Buren store is not enforced and Plaintiff's promissory estoppel claim is denied. *See Gorham v. Benson Optical*, 539 N.W.2d 798 (Minn. Ct. App. 1995) (holding promissory estoppel claim only appropriate when termination occurred before employee was provided a good faith opportunity to perform job duties); *Ferris v. Bodycote Lindberg Corp.*, 2003 U.S. Dist. LEXIS 11250 (June 20, 2003) (demonstrating injustice requirement of promissory estoppel claim is in question where employee was at-will employee).

Based on the foregoing, Defendant's Amended Motion for Summary Judgment (Doc. 21) is GRANTED and Plaintiff's Complaint (Doc. 1, Ex. A ) is DISMISSED with prejudice.

IT IS SO ORDERED this 31st day of August 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge